IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MIKE'S TRAIN HOUSE, INC.,<br>doing business as M.T.H. ELECTRIC TRAINS,<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Union Pacific Railroad Company, complains against Defendant Mike's Train House, Inc., doing business as M.T.H. Electric Trains, as follows:

### STATEMENT OF THE CASE

1. This is an action for trademark infringement, trademark dilution, unfair competition, false designation of origin, false description and representation, and violations of Nebraska's Uniform Deceptive Trade Practices Act.

### PARTIES

2. Union Pacific Railroad Company ("Union Pacific") is a Delaware corporation having its principal place of business at 1400 Douglas Street, Omaha, Nebraska 68179.

3. Upon information and belief, Defendant Mike's Train House, Inc., is a Maryland corporation conducting business in the state of Nebraska by, *inter alia*, marketing and selling model trains in the state of Nebraska. Defendant, upon information and belief, is doing business as M.T.H. Electric Trains and has a principal place of business at 7020 Columbia Gateway Drive, Columbia, Maryland 21046.

1839355v1

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., Nebraska common law, and Nebraska statutory law. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. The Court has jurisdiction over the parties and venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6. Union Pacific is the largest railroad in North America, covering 23 states across two-thirds of the United States.

7. In addition to providing railroad transportation services, Union Pacific has been, and now is, engaged in the business of selling model trains, railroad memorabilia, souvenirs, and other products through its company store.

8. Union Pacific holds some of the oldest corporate trademarks and service marks in the United States and has become the custodian for trademarks and service marks from the historic railroads that comprise the Union Pacific Railroad Company.

9. Since its founding, Union Pacific's continuous and extensive use of its trademarks and service marks has established Union Pacific in the minds of consumers and the general public as a source of the highest quality products and services.

10. Union Pacific, through its Model Railroad Licensing Program, has licensed its trademarks and service marks to numerous manufacturers of model trains and model railroad-related products.

11. Union Pacific's Model Railroad Licensing Program is designed to allow manufacturers of branded merchandise to use the names, symbols, and herald of Union Pacific in an accurate and successful manner. The Program offers a rate structure for model train manufacturers that is significantly below industry licensing standards, provides support of licensees with graphic standard compliance and new product introductions, and provides access to some of the oldest and most valuable trademarks and service marks in the United States.

12. Union Pacific is the owner of several federally registered trademarks and service marks, including, but not limited to, the trademarks and service marks that are depicted in and/or the subjects of the following registrations: U.S. Trademark Registration No. 2,666,974 (Union Pacific); U.S. Trademark Registration No. 2,950,888 (Southern Pacific Lines); and U.S. Trademark Registration No. 3,004,867 (Western Pacific Feather River Route) (hereinafter the "Union Pacific Trademarks"). Copies of the foregoing federal trademark registrations are attached hereto as Exhibits A-C, respectively. The Union Pacific Trademarks are registered for goods including, but not limited to, model train sets.

13. As a result of Union Pacific's widespread use of the Union Pacific Trademarks, the extensive advertising and promotion of Union Pacific's products and services, and the exceptional marketplace acceptance of those products and services, the Union Pacific Trademarks have come to be recognized by the consuming public as identifying Union Pacific as the source and origin of such products and distinguishing Union Pacific's products and services from those of others.

14. Defendant has been aware of the Union Pacific Trademarks and the tremendous goodwill associated with those marks for many years.

1839355v1

15.     Defendant has been and continues to promote, distribute, offer for sale, and sell products, including, without limitation, model trains and model railroad-related products, bearing or incorporating the Union Pacific Trademarks in this District and throughout the United States.  Union Pacific did not authorize Defendant's activities.

16.     Defendant's promotion, distribution, offering for sale, marketing, and sale of such products is likely to cause confusion, mistake, or deception of the public and to cause the public to believe that Defendant's products originate from Union Pacific, are authorized, sponsored, endorsed, or approved by Union Pacific, or are otherwise affiliated with Union Pacific.

17.     Union Pacific has offered Defendant a license to use the Union Pacific Trademarks in connection with its model trains and other products, but Defendant has declined to take such a license.

18.     Defendant's infringing acts have been and are being committed willfully and with full knowledge of the Union Pacific Trademarks and Union Pacific's rights.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT

19.     Union Pacific realleges and incorporates by reference paragraphs 1-18 above as if fully stated herein.

20.     Defendant's distribution, offering for sale, sale, and promotion of products including, without limitation, model trains and model railroad-related products bearing or incorporating the Union Pacific Trademarks, without Union Pacific's consent or authorization, is likely to cause confusion, to cause mistake, or to deceive consumers, and constitutes infringement of Union Pacific's rights in the Union Pacific Trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

4

1839355v1

21. Defendant's trademark infringement has caused and will cause irreparable injury and damage to Union Pacific's business, reputation, and goodwill. Union Pacific has no adequate remedy at law.

## COUNT II – FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE DESCRIPTION AND REPRESENTATION

22. Union Pacific realleges and incorporates by reference paragraphs 1-21 above as if fully stated herein.

23. Defendant's distribution, offering for sale, sale, and promotion of products, including, without limitation, model trains and model railroad-related products bearing or incorporating the Union Pacific Trademarks, without Union Pacific's consent or authorization, constitutes unfair competition, false designation of origin, and false description and representation of fact as to the origin of Defendant's products in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendant's unfair competition, false designation of origin, and false description and representation has caused and will cause irreparable injury and damage to Union Pacific's business, reputation, and goodwill. Union Pacific has no adequate remedy at law.

## COUNT III – FEDERAL TRADEMARK DILUTION

25. Union Pacific realleges and incorporates by reference paragraphs 1-24 above as if fully stated herein.

26. Union Pacific's trademarks acquired famous status long before Defendant's first distribution or sale in interstate commerce of products including, without limitation, model trains and model railroad-related products bearing or incorporating the Union Pacific Trademarks.

1839355v1

27.     Defendant's distribution, offering for sale, sale, and promotion of products bearing or incorporating the Union Pacific Trademarks, without Union Pacific's consent or authorization, will dilute the distinctive quality of the famous Union Pacific trademarks, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

28.     Defendant's dilution of Union Pacific's famous trademarks has caused and will cause irreparable injury and damage to Union Pacific's business, reputation, and goodwill. Union Pacific has no adequate remedy at law.

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

29.     Union Pacific realleges and incorporates by reference paragraphs 1-28 above as if fully stated herein.

30.     Union Pacific, by virtue of its continuous and extensive use of the Union Pacific Trademarks, owns and enjoys common law rights in Nebraska and throughout the United States in and to the Union Pacific Trademarks

31.     The use by Defendant of the Union Pacific Trademarks in the State of Nebraska and throughout the United States, without Union Pacific's consent or authorization, is likely to cause confusion, to cause mistake, or to deceive consumers, and constitutes infringement of Union Pacific's common law rights in the Union Pacific Trademarks.

32.     Defendant's infringement has caused and will cause irreparable injury and damage to Union Pacific's business, reputation, and goodwill. Union Pacific has no adequate remedy at law.

### COUNT V – UNFAIR COMPETITION

33.     Union Pacific realleges and incorporates by reference paragraphs 1-32 above as if fully stated herein.

1839355v1

34. The use by Defendant of the Union Pacific Trademarks in the State of Nebraska and throughout the United States, without Union Pacific's consent or authorization, constitutes unfair competition in violation of the common law of the State of Nebraska.

35. Defendant's unfair competition has caused and will cause irreparable injury and damage to Union Pacific's business, reputation, and goodwill. Union Pacific has no adequate remedy at law.

## COUNT VI – VIOLATION OF NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT

36. Union Pacific realleges and incorporates by reference paragraphs 1-35 above as if fully stated herein.

37. The use by Defendant of the Union Pacific Trademarks in the State of Nebraska and throughout the United States causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods, and causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another, in violation of Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.*

38. The use by Defendant of the Union Pacific Trademarks in the State of Nebraska and throughout the United States, in the course of Defendant's business and without Union Pacific's consent or authorization, constitutes an unfair method of competition and an unfair and deceptive act and practice in the conduct of its trade within the State of Nebraska, in violation of Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.*

39. Defendant's deceptive trade practices have caused and will cause irreparable injury and damage to Union Pacific's business, reputation, and goodwill. Union Pacific has no adequate remedy at law.

1839355v1

## **PRAYER FOR RELIEF**

WHEREFORE, Union Pacific prays that:

A. Defendant be found to have engaged in acts of trademark infringement, unfair competition, false designation of origin and false description and representation, trademark dilution, and violations of the Nebraska Uniform Deceptive Trade Practices Act.

B. Defendant, its officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with it, be preliminarily and permanently enjoined from:

1. Engaging in trademark infringement, unfair competition, false designation of origin and false description and representation by use of the Union Pacific Trademarks or any trademark or service mark confusingly similar to the Union Pacific Trademarks;

2. Making any statement or representation whatsoever, or using any false designation of origin or false description or representation, or performing any act which can or is likely to lead the public to believe that an association exists between Defendant and Union Pacific;

3. Engaging in any other activity that will dilute Union Pacific's trademark rights or otherwise causes injury to Union Pacific's reputation or goodwill or the reputation or goodwill associated with Union Pacific's services or products;

4. Assisting, aiding, or abetting any other person or business entity in engaging or in performing any of the activities referred to in subparagraphs 1-3 above.

C. Defendant be required to deliver to Union Pacific for destruction all products, merchandise, packaging, catalogs, promotional materials, signage, brochures, and other things

possessed, used, or distributed by Defendant, or on its behalf, that depict, incorporate, or bear any of the Union Pacific Trademarks.

D. Defendant be required to account to Union Pacific for any and all profits gained by it through its wrongful conduct complained of herein, and to pay all such profits over to Union Pacific.

E. Defendant be required to compensate Union Pacific for any and all damages suffered by Union Pacific, including Union Pacific's lost profits, as a result of the actions complained of herein.

F. The Court find Defendant's acts of infringement, dilution, and unfair competition to be intentional and willful and that Union Pacific be awarded treble damages pursuant to 15 U.S.C. § 1117.

G. The Court find this case to be exceptional and that Union Pacific have and receive from Defendant the cost of this action, together with reasonable attorneys' fees, and prejudgment interest pursuant to 15 U.S.C. § 1117.

H. Union Pacific have such other and further relief as may be proper, just, and equitable.

## DEMAND FOR JURY TRIAL

Union Pacific demands a jury trial as to all issues triable by jury in this action.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW Plaintiff, Union Pacific Railroad Company, and designates Omaha, Nebraska as the place of trial of this matter.

Dated:  December 30, 2005            Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

_____
Kenneth P. Kula, # 20915
B. Trent Webb
Bart A. Starr
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Phone: (816) 474-6550
Facsimile: (816) 421-5547

Attorneys for Union Pacific Railroad Company

1839355v1