IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIKE'S TRAIN HOUSE, INC. d/b/a/ )<br>M.T.H. ELECTRIC TRAINS, )<br>)<br>Defendant. ) | 8:05CV575<br><br>ORDER |

This matter is before the court on defendant's MOTION FOR RECONSIDERATION of my June 1, 2006 order with respect to its document production Requests Nos. 42-43, 53, 58 and 60. Those requests provide:

> REQUEST NO. 42: Photographs of all model trains or toy trains bearing Plaintiff's Marks.
>
> REQUEST NO. 43: All magazines that cover the model railroad industry, including *Model Railroader*, *Model Railroad Craftsman* and the like.
>
> REQUEST NO. 53: All documents concerning communications sent to or received from model train or toy train manufacturers about photographs, drawings, plans, colors, measurements, or any other detail of any and all Union Pacific buildings and structures.
>
> REQUEST NO. 58: All documents concerning the replication of Plaintiff's trains, buildings, accessories, including the Union Pacific name and other alleged trademarks by any model train or toy train manufacturer.
>
> REQUEST NO. 60: Documents sufficient to identify each model train or toy train that was purchased by Plaintiff or at the direction of a current or former officer of Plaintiff, including sales receipts.

I found that these requests were overbroad, but they sought documents that were probably relevant to the parties' claims and defenses. The Federal Rules of Civil Procedure specifically contemplate limiting discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). In their present form, these document requests fall within this category.

The court remains confident that defense counsel can devise document requests that are not overbroad but that will adequately serve its interest in this litigation. The June 1, 2006 order was intended to give counsel that opportunity.

In the District of Nebraska, "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c). The defendant has not met this burden. Consequently,

**IT IS ORDERED** that defendant's MOTION FOR RECONSIDERATION [72] is denied.

**DATED July 20, 2006.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**