IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | 8:05CV575 | |
| vs. ) | | |
| ) | ORDER | |
| MIKE'S TRAIN HOUSE, INC. d/b/a/ ) | | |
| M.T.H. ELECTRIC TRAINS, ) | | |
| ) | | |
| **Defendant.** ) | | |

This matter is before the court on plaintiff's objections to defendant's Notices of Intent to serve subpoenas duces tecum on nine members of plaintiff's Board of Directors (together, "Directors"). The parties have complied with NECivR 45.1, and the court has considered the notices [109-117], plaintiff's Objections [128], defendant's response [134], and plaintiff's brief [135].

Defendant's brief does not raise any issue regarding standing. The court will assume, without deciding, that the defendant has standing to object to subpoenas that will be served on individual members of its own Board of Directors.

The subpoenas will request that the individual directors produce the following items for inspection and copying:

    1.   All documents that you sent or received that concern the lawsuit *Union Pacific Railroad Company v. Mike's Train House, Inc.* pending in the United States District Court for the District of Nebraska.

    2.   All documents that you sent or received that concern allegations of trademark infringement made by Union Pacific Railroad Company.

    3.   All documents that you sent or received that concern alleged fraud on the United States Patent and Trademark Office by Union Pacific Railroad Company.

    4.   All documents that you sent or received that concern Union Pacific Railroad Company's trademark licensing program.

  5. All documents that you sent or received that concern possible or contemplated adverse employment action against any officer or employee of Union Pacific Railroad Company or Union Pacific, Inc., including Henry Carnaby, Robert Turner or Brenda Mainwaring in connection with the design and implementation of Plaintiff's trademark licensing program.

  6. All documents that you sent or received that refer to Mike's Train House, Inc., Mike Wolf or MTH and all notes that you took that refer to Mike's Train House, Inc., Mike Wolf or MTH.

  7. All documents that you sent or received that refer to model trains.

  8. All notes that you took at any time, including during any Board meeting, that refer to model trains, Union Pacific Railroad Company's trademark licensing program, or any possible adverse employment action against any employee based on the design or implementation of Plaintiff's trademark licensing program.

  9. All documents that you sent or received from Judge Buffington.

  10. All documents that you sent or received that refer to Judge Buffington.

Plaintiff objects to the requests as "overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent [they seek] production of documents protected by the attorney client and/or work product privileges." Plaintiff also contends the requests are "premature and unnecessary for the upcoming Court ordered[1] mediation."

  In its brief, defendant satisfactorily explains the relevance of the materials sought and that the documents are needed for it to prepare for the Rule 30(b)(6) deposition of Union Pacific. Defendant is willing to agree, however, that the Directors would not have to respond to requests Nos. 3, 5, 9 and 10 prior to the mediation since they may not directly bear on topics in the Rule 30(b)(6) notice. Filing 134 at p. 3, n.1.

---

  [1]Although I am aware that the parties intend to mediate, and agree that mediation should occur, they have never actually been ordered to do so.

Having considered the parties' arguments, I find that the objections should be overruled on grounds of relevance and overbreadth, and that defendant should be allowed to issue the subpoenas in question. Based on defendant's concession that the Directors should not have to respond to requests Nos. 3, 5, 9 and 10 prior to mediation, compliance will be stayed as to those requests pending the outcome of mediation. If mediation is unsuccessful, the Directors will be required to respond to requests Nos. 3, 5, 9 and 10 no later than 30 days after the completion of mediation. If any responsive documents are privileged, the party claiming the privilege shall comply with Paragraph 5 of the Initial Progression Order (Filing 18), which provides:

> 5. Withholding Documents from Disclosure or Discovery. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

As a final matter, plaintiff complains that defense counsel did not comply with NECivR 7.1(i)[2] in an attempt to resolve this discovery issue. There is some merit to this contention.

All counsel are hereby forewarned that strict compliance with Rule 7.1(i) will be required before this court will consider any more discovery disputes, whether they involve subpoenas,

---

[2]NECivR 7.1(i) provides, in part:
To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them.

document requests, interrogatories, or depositions. If the movant, at the time of filing, does not demonstrate full compliance with NECivR 7.1(i), the discovery motion will be summarily denied.

**IT IS ORDERED** that plaintiff's Objections [128] are granted in part, and denied in part, as follows:

1. The objections are overruled on grounds of relevance and overbreadth.

2. Compliance with requests Nos. 3, 5, 9 and 10 is stayed pending the outcome of mediation. If mediation is unsuccessful, the Directors will be required to respond to requests Nos. 3, 5, 9 and 10 no later than 30 days after the completion of mediation.

3. If any responsive documents are privileged, the party claiming the privilege shall comply with Paragraph 5 of the Initial Progression Order [18].

**DATED August 15, 2006.**

                          **BY THE COURT:**

                          **s/ F.A. Gossett**
                          **United States Magistrate Judge**