# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNION PACIFIC RAILROAD COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:05CV575** |
| vs. ) | |
| ) | **ORDER** |
| **MIKE'S TRAIN HOUSE, INC. d/b/a/** ) | |
| **M.T.H. ELECTRIC TRAINS,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on plaintiff's Objections to defendant's Notice of Intent to serve a subpoena duces tecum on the Durham Western Heritage Museum (DWHM). The parties have complied with NECivR 45.1, and the court has considered the notice [122], plaintiff's Objection [132], and defendant's response [136].

Defendant's proposed subpoena will request that DWHM produce the following items for inspection and copying:

    1. All documents and e-mails that DWHM sent to or received from Union Pacific Railroad Company, Union Pacific Museum or Union Pacific Corporation concerning model trains.

    2. Photographs of each model train and model train accessory that Union Pacific Railroad Company, Union Pacific Museum, or Union Pacific Corporation sent to DWHM.

    3. All documents concerning the model train exhibit at DWHM which displays model trains on loan from Union Pacific, including any brochures describing the model trains that are or were on display or advertising materials.

    4. Documents sufficient to show the origin of each model train that was provided to DWHM by Union Pacific Railroad, Union Pacific Museum, or Union Pacific Corporation, including all inventory lists and the like that might be maintained for insurance purposes.

Plaintiff's objections are based, in part, on relevance; therefore, the court may elect to treat the objection as a request for a protective order under Fed. R. Civ. P. 26(c), *see Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).[1]  For the reasons discussed at length in previous orders, e.g., Filings 36 & 133, the court finds the relevance objection is without merit.

In all other respects, plaintiff lacks standing to object to this subpoena.  In Filing No. 36, the April 25, 2006 order denying plaintiff's prior motion to quash 55 third-party subpoenas duces tecum, the plaintiff was advised:

> In general, "[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."  *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); *see also Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689 (N.D. Ill. 1983); *Minnesota Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627 (D. Minn. 1999); *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004).
>
> No showing has been made that UPRR has some kind of "personal right or privilege" in the information requested.  Essentially, UPRR complains that it would be inconvenient for the nonparties to comply with MTH's subpoenas.  UPRR has not shown that the recipients are somehow unable to assert their own interests in this matter.

*See also Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 460 (S.D. Iowa 1996); 28 Fed. Proc., L. Ed. § 65:256.  The plaintiff has not asserted or demonstrated any personal right or privilege with respect to the subject matter of the DWHM subpoena.

---

[1] A party has standing to move for a protective order if a third-party subpoena seeks irrelevant information.  *Auto-Owners Ins. Co.*, 231 F.R.D. at 429.

In light of the previous rulings on relevance, the scope of discovery, and the issuance of third-party subpoenas, the court tends to agree with the defendant that this particular objection should have been withdrawn after the August 10, 2006 order was filed. I decline to award costs and sanctions in this instance only because the plaintiff recently retained new counsel; however, future incidents of this nature will likely result in the imposition of sanctions.

**IT IS ORDERED** that plaintiff's Objection [132] is denied.

**DATED August 15, 2006.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**